# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

CHARLES VERNON DAWSON and
NANCY ALLEN DAWSON,

      Debtors.

Case No. 07-14025-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on a proposed reaffirmation agreement by and between the debtors and DaimlerChrysler Financial Services, LLC (Docket Entry 13). The debtors are represented by counsel who, pursuant to 11 U.S.C. §524(c)(3), may have properly completed Part C of the reaffirmation agreement, by checking the certification that in counsel's opinion the debtors are able to make the required payment in light of the presumption of undue hardship. There is doubt as to whether Part C was properly completed because counsel did not check the appropriate box at the top of page 1 indicating whether a presumption of undue hardship exists and because Part D is not completed. *See* Official Form 240A.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. One subsection, §524(c)(2), requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(6)(A) requires completion of Part D. (The applicability of the presumption of undue hardship turns on the figures provided by the debtor in Part D. *See* 11 U.S.C. §524(m)(1).) In this case, Part D, "Debtor's Statement in Support of Reaffirmation Agreement", although signed by the debtors, is not completed. Since §524(k)(6)(A) was not

1

complied with, §524(c)(2), which incorporates §524(k), was not complied with either.  Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

Alexandria, Virginia
March 10, 2008

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Steven B. Ramsdell
Gordon P. Peyton
Aaron Nash

14083